UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO. 07-321 (TFH) |
| v. | : | |
| | : | |
| MIGUEL ROMERO, | : | Next Date: December 4, 2007 |
| | : | |
| Defendant. | : | |
| | : | |

### UNITED STATES' MEMORANDUM IN AID OF PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Plea Hearing, currently scheduled in the above-captioned case for December 4, 2007 at 11:00 a.m.

**I.   ELEMENTS OF THE OFFENSE:**

The essential elements of the offense of Unlawful Reentry of a Removed Alien are arrest, deportation, reentry to United States, and lack of the Attorney General's consent to reentry. See 8 U.S.C. § 1326(a). See also U.S. v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993).

**II.   COPY OF THE PLEA AGREEMENT:**

A copy of the defendant's plea agreement, executed by the defendant and defendant's counsel, is attached.

**III.   PENALTIES:**

The statutory penalties for Unlawful Reentry of a Removed Alien are a term of imprisonment of up to two years, a term of supervised release of up to one year, and a fine not to exceed $250,000. See 8 U.S.C. § 1326(a), 18 U.S.C. §§ 3571, 3583.

IV.     **STATEMENT OF THE OFFENSE IN SUPPORT OF THE GUILTY PLEA:**

A copy of the Statement of Offense that has been acknowledged by the defendant and defendant's counsel is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:     _____/s/_____
TIMOTHY J. KELLY
Assistant United States Attorney
Bar No. 462459
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822
Tim.Kelly@usdoj.gov



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 19, 2007

Carlos Vanegas, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

   Re: <u>United States v. Miguel Romero</u>, Crim. No. 07-321 (TFH)

  This letter sets forth the plea agreement this Office is willing to enter into with your client, Miguel Romero (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

### Charges

  1. Your client agrees to waive Indictment and plead guilty to the felony offense of Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a), an offense which is charged in an Information that will be filed in the United States District Court for the District of Columbia.

  2. Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Factual Proffer in Support of Guilty Plea" as a written proffer of evidence.

### Potential Penalties, Assessments, and Restitution

  3. Your client understands that pursuant to 8 U.S.C. § 1326(b)(1), Unlawful Reentry of a Removed Alien carries a maximum penalty of 2 years of imprisonment, a maximum fine of $250,000, pursuant to 18 U.S.C. § 3571, or both, and a maximum period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special

assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

**Sentencing Guidelines**.

4. Your client understands that the sentence for Unlawful Reentry of a Removed Alien will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), and 3553(c) through (e), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual - 2007 Edition (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

5. The parties agree that the defendant's Offense Level for Unlawful Reentry of a Removed Alien will be determined by the provisions contained in the Sentencing Guidelines, §2L1.2.

6. The parties agree that neither party is precluded from arguing for or against the applicability of additional enhancements or adjustments that apply.

**Adjustment for Acceptance of Responsibility:**

7. Provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

**Guideline Departures**

8. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure, nor will either party suggest that the Court consider such a departure.

**Agreement as to Sentencing Allocution**

9. The government agrees to limit its allocution to three months incarceration. Furthermore, the parties agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range.

10. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

11. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

12. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

13. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Deportation

14. Your client agrees and understands that he will be deported from the United States at the conclusion of these criminal proceedings and any related sentence, and agrees to execute any documents required to facilitate his deportation at the request of the government. Accordingly, the

defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Immigration and Customs Enforcement shall constitute a breach of this plea agreement.

**Interpreter**

15.     Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language.  If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

**Release/Detention**

16.     Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

**Breach of Agreement**

17.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

18.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights which arise under these rules.

19.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  Your client further

4

understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

20. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

21. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

22. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

24. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or

compromise any civil, tax, or administrative claim pending or that may be made against your client.

     25.    If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

          Sincerely yours,

          _____
          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY

By:   _____
      TIMOTHY J. KELLY
      ASSISTANT UNITED STATES ATTORNEY

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.


Date:_____        _____
                                Miguel Romero
                                Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Miguel Romero, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.


Date: _____        _____
                                Carlos Vanegas, Esquire
                                Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 07-321 (TFH) |
| v. | : | |
| | : | |
| MIGUEL ROMERO, | : | |
| | : | VIOLATION: 8 U.S.C. 1326(a) |
| Defendant. | : | (Unlawful Reentry After Deportation) |

## STATEMENT OF OFFENSE

On September 5, 1989, under the name Julio Marquez-Vasquez, the defendant Miguel Romero was ordered deported from the United States. On September 19, 1989, a warrant of deportation issued for the defendant. The defendant was deported on September 21, 1989.

On September 8, 2007, the defendant was found to be in the District of Columbia by the Metropolitan Police Department and arrested. He did not have permission of the Attorney General or the Secretary of Homeland Security to return to the United States.

JEFFREY A. TAYLOR
United States Attorney

By: _____
TIMOTHY J. KELLY
Assistant United States Attorney
D.C. Bar # 462459
United States Attorneys Office
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-8822
Tim.Kelly@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

      I have read this Statement of the Offense and have discussed it with my attorney, Carlos Vanegas, Esquire.  I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.


Date:_____          _____
                                 MIGUEL ROMERO
                                 Defendant



**ATTORNEY'S ACKNOWLEDGMENT**

      I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.


Date: _____          _____
                                 CARLOS VANEGAS, ESQUIRE
                                 Assistant Federal Public Defender
                                 Attorney for Defendant